O
JS-6

# United States District Court
# Central District of California

DEMOND DEZEURN,

    Plaintiff,

    v.

FLOWERS BAKERIES SALES OF SOCAL LLC et al.,

    Defendants.

Case № 5:25-cv-01211-ODW (SPx)

**ORDER GRANTING MOTION TO REMAND [19]; AND DENYING AS MOOT MOTION TO DISMISS [17]**

## I.    INTRODUCTION

Plaintiff Demond Dezeurn filed this putative wage-and-hour class action in state court against Defendants Flowers Bakeries Sales of SoCal LLC, Flowers Bakeries LLC, Flowers Bakeries Brands LLC, Flowers Bakeries Brands Inc., and Flowers Bakeries Sales of NorCal LLC (collectively, "Defendants"). (Notice Removal ("NOR") Ex. A ("Compl."), Dkt. No. 1-2.) Defendants removed the action to this Court on the basis of diversity jurisdiction. (NOR ¶ 7, Dkt. No. 1.) Dezeurn now moves to remand for lack of subject matter jurisdiction. (Mot. Remand ("Motion" or "Mot."), Dkt. No. 19). For the following reasons, the Court **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Dezeurn worked for Defendants as an hourly-paid, non-exempt employee from August 2024 to December 2024. (NOR Ex. E ("FAC") ¶¶ 2, 7, Dkt. No. 1-6.) He worked at least five days each week and typically more than eight hours each workday. (*Id.* ¶ 13.) Throughout the applicable statutory period, Defendants did not pay minimum and overtime wages; did not provide uninterrupted meal and rest breaks; did not timely pay final wages at termination; did not issue accurate wage statements; and did not reimburse necessary business expenses. (*Id.* ¶ 14.)

On February 21, 2025, Dezeurn filed this putative class action against Defendants. (Compl.) The proposed class consists of Dezeurn and "certain current and former employees" of Defendants who worked in California as hourly, non-exempt employees during the applicable class period. (FAC ¶ 23.)

Dezeurn asserts nine causes of action: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to indemnify necessary business expenses; (6) failure to timely pay final wages at termination; (7) failure to provide accurate wage statements; (8) unfair business practices; and (9) civil penalties under the Private Attorneys General Act. (*Id.* ¶¶ 30–104.)

On May 15, 2025, Defendants removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (NOR ¶ 7.) Defendants contend that this Court has original jurisdiction because the case involves citizens of different states and the amount in controversy exceeds $75,000.00. (*Id.* ¶¶ 7–20.) Dezeurn now moves to remand the case for lack of subject matter jurisdiction, specifically with respect to the amount in controversy. (Mot. 1.)

---

[2] All factual references derive from the First Amended Complaint, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizens (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

Under § 1332(a), there is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When a case is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal for lack of jurisdiction under § 1332(a) is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.* at 773–74.

### IV. DISCUSSION

The parties agree that complete diversity exists. (NOR ¶¶ 8–17; Mot. 7.) They dispute, however, whether the amount in controversy exceeds the jurisdictional threshold of $75,000.00. (Mot. 7–17; Opp'n 2–14, Dkt. No. 21.) In their Notice of Removal, Defendants estimate that the amount in controversy is $100,067.50, including actual damages of $9,118.00 and anticipated attorneys' fees of $90,949.50. (NOR ¶ 67.) As attorneys' fees are dispositive to the issue of whether the amount in controversy is met, the Court assumes, without deciding, that the actual damages amount of $9,118.00 is in controversy and analyzes only the attorneys' fees.

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). But a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

To calculate Dezeurn's attorneys' fees, Defendants estimate that Dezeurn's counsel will expend approximately 174 hours litigating Dezeurn's individual claims at an hourly rate of $600.00.[3] (Opp'n 13–14.) Defendants derive these rates from the attorneys' fees that Dezeurn's counsel incurred in two other state court cases. (*See* Decl. Frank L. Tobin ISO Opp'n ("Tobin Decl.") ¶¶ 3–4, Dkt. No. 21-1.) Using these rates, Defendants assert that Dezeurn's counsel likely has already expended over 40 hours, totaling $24,000.00 in fees, for work related to the filing of the original and amended complaint, this Motion, and Dezeurn's opposition brief to Defendants' Motion to Dismiss. (*Id.* ¶ 5.) They also assert that Dezeurn's counsel will expend 134 additional hours, totaling $80,400 in fees, litigating Dezeurn's individual claims before trial begins. (*Id.* ¶ 6). Defendants argue that Dezeurn's attorneys' fees may total up to $104,000.00, exceeding the $75,000.00 jurisdictional threshold. (*See id.*)

Defendants fail to meet their burden with respect to attorneys' fees. First, Defendants' estimate of attorneys' hours is highly speculative. Defendants offer no support for their assertions regarding the hours that Dezeurn's counsel has already expended or will expend in this case. Although Defendants cite two state court cases involving the same counsel, they do not attempt to analogize those two cases to the

---

[3] In their Opposition, Defendants assert two different total hours forecasts (150 hours and 174 hours) and two different hourly rate assumptions ($606.33 and $600.00). (Opp'n 12–14; Tobin Decl. ¶ 6.) These competing assumptions result in different estimates. As Defendants provide declaration testimony in support of the 174-hour assumption and the $600.00 hourly rate assumption, the Court accepts these figures as the inputs on which Defendants rely to estimate the attorneys' fees amount. (Tobin Decl. ¶ 6; Opp'n 13–14.)

facts here, even though they bear the burden to prove that removal is proper. (*See* Opp'n 11–12.) In any event, the Court doubts whether the cases Defendants cite are sufficiently analogous. The first case Defendants cite does not contain any facts to help the Court determine whether it is analogous to this case. (Tobin Decl. Ex. A, Dkt. No. 21-2.) The second case is not even a wage-and-hour case, but rather a retaliation and disability accommodation case. (Tobin Decl. Ex. B, Dkt. No. 21-3.) Thus, the Court finds that Defendants' estimate of attorneys' hours is highly speculative and cannot conclude that it is "more likely than not" that Dezeurn "may incur a similar fee award." *Kaplan Kaplan v. BMW of N. Am., LLC*, No. 21-cv-00857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021) ("[Other] cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award.").

Second, any attorneys' fees must be divided among the class members, bringing Defendants' amount in controversy estimate well below the jurisdictional minimum. In a putative class action, attorneys' fees "cannot be allocated solely to [the named] plaintiffs for purposes of amount in controversy." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001); *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001). Here, Dezeurn brings this case as a class action. As a putative class action, attorneys' fees cannot be allocated solely to Dezeurn for purposes of calculating the amount in controversy. *Gibson*, 261 F.3d at 942. As such, the Court cannot attribute Defendants' total estimated attorneys' fees solely to Dezeurn for purposes of the amount in controversy calculus.

Defendants argue that Dezeurn's and other district courts' interpretation of *Gibson*, to require "that attorneys' fees in a class case must be pro-rated among putative class members when determining the amount in controversy," is wrong. (Opp'n 6–9.) Defendants argue that *Gibson* "does not apply here" because it only "analyzed whether attorneys' fees sought in a class action exclusively under [California Code of Civil Procedure] section 1021.5 could be attributed to the named

plaintiff," and Dezeurn "also seeks fees under sections 226, 1194, 218.5 and 2802 of the California Labor Code." (*Id.* at 6.) However, Defendants fail to consider that "the relevant sections of the California Labor Code do not authorize awards of attorneys' fees 'solely to the named plaintiffs in a class action,' but rather to 'an employee' or 'any employee' who prevails on his or her claim." *Rodriguez v. Goodrich Corp.*, No. 2:14-cv-01026 JAM AC, 2014 WL 3842904, at *3 (E.D. Cal. Aug. 1, 2014) (citing California Labor Code sections 226 and 1194 and holding that attorneys' fees in a class action must be divided by the number of putative class members for purposes of amount in controversy); *Lamar v. Wyndham Vacation Resorts, Inc.*, No. 25-cv-04191-JST, 2025 WL 1823114, at *2 (N.D. Cal. July 2, 2025) (same).

Defendants also contend that *Gibson* is distinguishable from the facts here, because the defendants in *Gibson* "tried to aggregate the amount of fees associated with the *entire* class," whereas here, Defendants are "basing the amount recoverable on [Dezeurn's] individual claims." (Opp'n 7–8.) This is a distinction without a difference. The court in *Gibson* was primarily concerned with whether the attorneys' fees award would be "allocated solely to the named plaintiffs." *Gibson*, 261 F.3d at 941. If so, then attorneys' fees can be factored into the amount in controversy calculus because the named plaintiffs stand to recover all fees. *See id.* at 942. If not, then attorneys' fees cannot be factored into the amount in controversy estimate because they "cannot be allocated solely to" the named plaintiffs. *See id.* Defendants do not argue—nor could they—that Dezeurn, as the named Plaintiff, stands to collect the entire attorneys' fees award. As such, the Court finds that the rationale in *Gibson* applies with equal force here.

As the attorneys' fees "must be divided among all members of the plaintiff class for purposes of amount in controversy," *Kanter*, 265 F.3d at 858, Defendants have failed to carry their burden to show that the attorneys' fees should be included in the amount in controversy calculation, *Fritsch*, 888 F.3d at 795 ("A district court may reject the defendant's attempts to include future attorneys' fees in the amount in

controversy if the defendant fails to satisfy this burden of proof."). Without considering the attorneys' fees, the amount in controversy here yields a maximum of $9,118.00, falling short of the $75,000.00 jurisdictional threshold.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Dezeurn's Motion to Remand, (Dkt. No. 19), and **REMANDS** this case to the Superior Court of California, County of San Bernardino, 247 West 3rd Street, San Bernardino, California 92415, Case No. CIVSB2505225.

In light of the above disposition, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss. (Dkt. No. 17).

All dates are hereby **VACATED**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

December 8, 2025

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**